IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-252-K |
| IMRAN KHAN (05) | |

## FACTUAL RESUME

In support of Imran Khan's plea of guilty to the offense in Count Six of the indictment, Imran Khan, the defendant, Stephen Green and Jeff Clark, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Six of the indictment, charging violations of 18 U.S.C. § 1344(2) and 18 U.S.C. § 2, that is, Bank Fraud and Aiding and Abetting Bank Fraud, the government must prove each of the following elements beyond a reasonable doubt: [1]

*First*: That the defendant knowingly executed a scheme or artifice;

*Second*: That the scheme or artifice was executed to obtain monies or other property from a financial institution, as alleged in the indictment;

*Third*: That the scheme or artifice was executed by means of false or fraudulent pretenses, false or fraudulent representations, or false or fraudulent promises; and

*Fourth*: That the false or fraudulent pretenses, representations, or promises were material.

---

[1] Fifth Circuit Pattern Jury Instruction 2.58B (2024).

**Factual Resume—Page 1**

The elements of Aiding and Abetting, a violation of 18 U.S.C. § 2, are as follows:[2]

*First*:   That the offense of bank fraud was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*:  That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

## STIPULATED FACTS

1.  Imran Khan admits and agrees that on or about April 22, 2020, in the Northern District of Texas and elsewhere, he, aided and abetted by others and aiding and abetting others, did knowingly execute and attempt to execute a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344(2) and 18 U.S.C. § 2.

2.  Imran Khan agrees that the Paycheck Protection Program ("PPP"), implemented by the Small Business Administration ("SBA"), was a COVID-19 relief initiative that, among other things, provided individuals with forgivable loans to pay for payroll and certain other expenses. Under the PPP, participating third-party lenders approved loan applications and disbursed PPP loans to qualifying businesses and individuals. Imran Khan admits that he knew that to obtain a PPP loan, an individual was required to submit a PPP loan application to a

---

[2] Fifth Circuit Pattern Jury Instruction 2.04 (2024).

**Factual Resume—Page 2**

lender. In the PPP loan application, the individual was required to state, among other things, the individual's average monthly payroll. This payroll information was used to calculate the amount of funds that the individual was eligible to receive as a PPP loan.

3.  Imran Khan agrees that Happy State Bank was a financial institution, as defined in 18 U.S.C. § 20, whose deposits were insured by the FDIC. He agrees that Happy State Bank participated in the PPP as a third-party lender located in the Northern District of Texas.

4.  Imran Khan admits that, on or about April 22, 2020, he, with the aid of others, submitted to Happy State Bank a fraudulent application seeking $23,333 in PPP proceeds. Khan knew that this application contained materially false representations. Thereafter, Khan received $20,800 of fraudulently obtained PPP proceeds into his personal bank account.

5.  Imran Khan further admits that, on or about April 29, 2020, he aided the submission of a fraudulent application to Carter Federal Credit Union on behalf of his spouse Ambreen Khan seeking $21,875 in PPP proceeds. Imran Khan knew that this application contained materially false representations. Thereafter, Ambreen Khan received $21,849 of fraudulently obtained PPP proceeds into her personal bank account.

6.  The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Six of the indictment.

AGREED TO AND STIPULATED on this 5th day of January, 2026.

_____
IMRAN KHAN
Defendant


_____
STEPHEN GREEN
Attorney for Defendant

_____
JEFF CLARK
Attorney for Defendant

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas Bar No. 24116828
MADELEINE CASE
Assistant United States Attorney
Texas Bar No. 24125166
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600
Fax: 214-659-8809
Email: ryan.niedermair@usdoj.gov